IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MARSHALL, et al., | : | |
| Plaintiffs, | : | Case No. 2:05-cv-484 |
| v. | : | Judge Holschuh |
| CITY OF COLUMBUS, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

This matter is currently before the Court on Plaintiffs' motion for default judgment and attorney fees against Defendants Inland Products, Inc., Gary Baas, 800 Frank Road, LLC, and Agg Rock Materials Company.  (Record at 160).  On October 18, 2006, Magistrate Judge King granted Plaintiffs' motion to compel discovery and ordered Inland Products, Gary Baas, and Agg Rock to respond to Plaintiffs' discovery requests within 20 days.

Pursuant to Federal Rule of Civil Procedure 37(b), Plaintiffs seek default judgment on the issue of liability, as a sanction for Defendants' failure to comply with that order.  As an alternative sanction, Plaintiffs ask the Court to prohibit Defendants from introducing any evidence on the issue of proximate causation.  They also seek an award of attorney fees.  In response to Plaintiffs' motion, Defendants quickly complied with the outstanding discovery requests, and then filed response briefs.  Plaintiffs have failed to file a reply brief within the time allotted.

I.   **Applicable Law**

When a party fails to comply with a discovery order, the Court may issue:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order . . . rendering a judgment by default against the disobedient party . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

The Sixth Circuit has characterized the entry of default judgment as "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Other factors to be considered include prejudice resulting from the delay, prior warning of the possibility that failure to comply could result in default judgment being entered, and the effectiveness of less drastic sanctions. <u>Bank One of Cleveland, N.A. v. Abbe</u>, 916 F.2d 1067, 1073 (6th Cir. 1990) (citations omitted).

II.  **Agg Rock Materials**

Plaintiffs concede that Agg Rock did produce some documents in response to the initial discovery request. However, on October 6, 2006, Plaintiffs' counsel wrote to counsel for Agg Rock, stating that he believed the discovery response was incomplete and needed to be supplemented. He had reason to believe that Agg Rock had submitted an application for a permit with respect to Whims Ditch. (Ex. A to Mot. for Default J.). On October 11, 2006,

counsel for Agg Rock responded that he was not aware of any such application, but promised to forward the request to his client and to look into the matter. (Ex. C to Mot. for Default J.). Having received no further response, counsel for Plaintiffs sent a letter of inquiry on December 27, 2006. (Ex. E to Mot. for Default J.). On January 29, 2007, counsel for Agg Rock responded that he was going to review additional files with his client that week and would look for the requested documents. (Ex. F to Mot. for Default J.). On February 27, 2007, having received no further response, Plaintiffs' counsel filed the motion for default judgment.

Agg Rock urges the Court to deny that motion. Agg Rock notes that Plaintiffs' counsel made no effort to contact Agg Rock's counsel to determine the status of the discovery request prior to filing the motion for default judgment. Agg Rock claims that it has acted in good faith to comply with Plaintiffs' requests. Counsel did meet with his client as promised. However, because the application at issue was prepared by a third party, not all of the requested documents were immediately available. Many of those documents have since been located and were sent to Plaintiffs on March 1, 2007; other documents are being compiled and copied.

Under the circumstances presented here, the Court denies Plaintiffs' motion for default judgment against Agg Rock. There is no evidence of willfulness, bad faith, or fault on the part of Agg Rock. Agg Rock complied with Plaintiffs' initial discovery requests. Although there was some delay in tracking down the requested supplemental documents, those documents have now been located and given to Plaintiffs. Because Plaintiffs' request for an order prohibiting Agg Rock from introducing evidence of causation is tantamount to request for default judgment, the Court denies that request for the same reasons.

The Court also denies Plaintiffs' request for attorney fees against Agg Rock. Rule 37(b) states that the Court shall award attorney fees unless it finds that the failure to comply with the Court's order "was substantially justified or that other circumstances make an award of expenses unjust." In this case, after receiving notice that other documents may exist that were responsive to Plaintiffs' request, counsel for Agg Rock immediately forwarded the inquiry to his client and promised to investigate. While it did take some time to locate the requested documents, it appears that the delay was due, at least in part, to the fact that many of those documents had been created by a third party and were not in Agg Rock's custody. In light of these circumstances, the Court finds that the delay was substantially justified and that an award of attorney fees would be unjust.

### III. Inland Products, Inc., Gary Baas, and 800 Frank Road, LLC

In their motion for default judgment, Plaintiffs note that the other defendants – Inland Products, Inc., Gary Baas, and 800 Frank Road, LLC – have not responded at all to the Court's October 18, 2006 Order giving them 20 days to comply with Plaintiffs' discovery requests.[1]

Timothy Ristau and John Farnan, the attorneys representing Inland Products, Inc. and Gary Baas, claim that their clients have been fully cooperative. The attorneys take full responsibility for the failure to comply with the Court's order. While there is no evidence of willfulness or bad faith, Ristau and Farnan make absolutely no effort to explain the reason for their neglect of this matter. They simply note that the requested discovery has now been

---

[1] In their response brief, Defendants note that 800 Frank Road, LLC, has not yet been served with a summons and complaint, and no discovery requests were directed to that particular entity. The Court agrees that any award of sanctions against 800 Frank Road, LLC would therefore be unwarranted.

produced.

The filing of the motion for default judgment apparently prompted them to gather and review more than 7,000 pages of documents, and to deliver several thousand of those pages to Plaintiffs on March 5, 2007.  Additional documents were delivered on March 8, 2007.  At a Status Conference held before Magistrate Judge King on March 15, 2007, Plaintiffs' counsel acknowledged receipt of the requested documents.  In addition, on March 21, 2007, counsel for Defendant served written Answers to Interrogatories and Responses to Requests for Production of Documents.

The Sixth Circuit has held that a drastic sanction such as dismissal of an action or the entry of default judgment "is usually inappropriate where the neglect is solely the fault of the attorney."  Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980).  In this case, the attorneys take full responsibility for the failure to comply with the discovery order.  Punishing Inland Products, Inc. and Gary Baas for their attorneys' neglect serves no useful purpose.  The Court therefore denies Plaintiffs' motion for default judgment against them, and Plaintiffs' request for an order prohibiting them from introducing evidence of proximate causation.

However, because the Court cannot find that the attorneys' failure to comply with the Court's October 18, 2006 order "was substantially justified or that other circumstances make an award of expenses unjust," the Court will order Timothy Ristau and John Farnan, counsel for Defendants Inland Products, Inc. and Gary Baas, to pay reasonable attorney fees incurred by Plaintiffs in filing the motion for default judgment.  Plaintiffs shall file an itemized bill within ten days of the date of this Order.  If the Court determines that the fees requested are reasonable, the Court will then issue an Order directing Ristau and Farnan to remit payment to Plaintiffs

within 30 days.

**IV.     Conclusion**

For the reasons set forth above, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion for default judgment and for attorney fees. (Record at 160). The Court denies in full Plaintiffs' request for sanctions against Defendant Agg Rock Materials Company.

As to Defendants Inland Products, Inc., Gary Baas, and 800 Frank Road, LLC, the Court also denies Plaintiffs' request for default judgment, and request for an order prohibiting introduction of evidence concerning proximate causation.

However, Timothy Ristau and John Farnan, counsel for Defendants Inland Products, Inc. and Gary Baas, are ordered to pay attorney fees incurred by Plaintiffs as a result of filing the motion for default judgment. Within ten days of the date of this Order, Plaintiffs shall file an itemized statement of attorney fees with the Court. If the Court determines that the fees requested are reasonable, the Court will then issue an Order directing Ristau and Farnan to remit payment to Plaintiffs within 30 days.

**IT IS SO ORDERED.**

Date: April 18, 2007                              **/s/ John D. Holschuh**
                                                                  John D. Holschuh, Judge
                                                                  United States District Court