IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MARSHALL, et al., | : | |
| Plaintiffs, | : | Case No. 2:05-cv-484 |
| v. | : | Judge Holschuh |
| CITY OF COLUMBUS, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs, whose property has been damaged by repeated flooding, filed suit against multiple defendants, including the City of Columbus, Franklin County, and the Franklin County Board of Health ("Board of Health").  This matter is currently before the Court on Defendant Board of Health's motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted.  (Record at 148). For the reasons set forth below, the Court grants that motion and dismisses all claims against the Board of Health.

**I.      Background and Procedural History**

This case involves the flooding of property in the surface water drainage area of Whims Ditch in the City of Columbus, Ohio.  Whims Ditch is a man-made ditch constructed in 1919 by Franklin County to provide drainage for property in the surrounding area. (Sec. Am. Compl. ¶ 19).  Plaintiffs rely on Whims Ditch to drain surface water from their properties. (Id. at ¶ 20). According to Plaintiffs' Second Amended Complaint, Whims Ditch no longer provides adequate drainage because the flow and drainage of the ditch has been altered, and because the construction of a new subdivision causes unreasonable amounts of surface water to drain into

Whims Ditch. (Id. at ¶¶ 29, 31). Plaintiffs allege that, as a result, their property has been flooded and damaged by rising surface water from Whims Ditch. (Id. at ¶ 1).

According to Plaintiffs, Franklin County and the Board of Health have jurisdiction and authority over the flow of surface water into Whims Ditch, and are responsible for the maintenance and upkeep of Whims Ditch and the enforcement of regulations that would ensure that the flow of Whims Ditch was not altered. Plaintiffs allege that Defendants' failure to properly exercise this jurisdiction and authority resulted in repeated flooding of Plaintiffs' property, and constituted a violation of Plaintiffs' due process rights and an unconstitutional taking of their property without compensation under Article I, Section 16 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. (Id. at ¶¶ 22-23, 36-43). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Board of Health has filed a motion to dismiss Plaintiffs' claims against it for failure to state a claim upon which relief can be granted.

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974); Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, it will not

accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997).

When determining the sufficiency of a complaint in the face of a motion to dismiss, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Yushasz v. Brush Wellman, Inc., 341 F.3d 559, 562 (6th Cir. 2003). Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (citing Scheuer, 416 U.S. at 236).

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley, 355 U.S. at 47; Lewis, 135 F.3d at 405. However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy

3

Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(emphasis original). Bare assertions of legal conclusions are insufficient. See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

**III. Discussion**

Plaintiffs' allegations against the Board of Health are limited to the following:

> 22. Defendant Franklin County and defendant Franklin County Board of Health has [sic] jurisdiction and authority over the flow of surface water into Whims Ditch. Those areas of jurisdiction and authority include, but are not limited to, the failure to maintain Whims Ditch and the failure to enforce regulations that would ensure the flow of Whims Ditch was not altered.
>
> 23. At all relevant times mentioned herein the maintenance and upkeep of Whims Ditch has been the joint responsibility of defendant City of Columbus and defendant Franklin County and defendant Franklin County Board of Health.
>
> ***
>
> 36. As a result of the conduct of Defendants, City of Columbus and Franklin County and Franklin County Board of Health, as alleged herein, and who acted jointly and in concert, Plaintiffs have suffered unreasonable harm through repeated flooding of their real and personal property.
>
> 37. Defendants' City of Columbus and Franklin County and Franklin County Board of Health conduct has caused Plaintiffs' properties to be flooded thereby incurring expenses, suffering, inconvenience, and annoyance. This flooding and attendant health risks has been so persistent and frequent as to amount of a taking of plaintiffs' property.

                               ***

39.    Defendants City of Columbus and Franklin County and Franklin County Board of Health have intentionally flooded Plaintiffs' homes, which created a public health risk and deprived Plaintiffs of their property rights.

                               ***

41.    The actions of Defendants City of Columbus, Franklin County and Franklin County Board of Health deprived Plaintiffs of their rights, privileges, and immunities secured by the Constitutional [sic] and Laws of the United States of America and State of Ohio; and in taking said actions, Defendants acted under color of law of the City of Columbus and State of Ohio, specifically depriving Plaintiffs of their property right to continue to use and enjoy their homes without affording Plaintiffs substantive and procedural due process of law in violation of the Fourteenth Amendment to the Constitution of the United States of America; depriving Plaintiffs of their property and the use of their property, including the right to freely dispose of it, as aforsesaid without complying with the substantive and procedural due process of law requirements of Article I, Section 16 of the Constitution of the State of Ohio and the Fifth and Fourteenth Amendments to Constitution of the United States.

                               ***

43.    The actions of Defendants City of Columbus, Franklin County and Franklin County Board of Health have deprived the Plaintiffs of their property without just compensation in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

(Sec. Am. Compl. ¶¶ 22-23, 36-37, 39, 41, 43).

      Plaintiffs' claims against the Board of Health are based on an alleged failure to maintain Whims Ditch and failure to enforce regulations to ensure that the flow of Whims Ditch is not altered. The Board of Health argues that because it has no obligation or authority to maintain Whims Ditch or to enforce regulations concerning the flow of water in the ditch, it cannot be held liable, and that Plaintiffs have therefore failed to state a claim upon which relief can be

granted.

In response, Plaintiffs argue that all allegations in the complaint must be taken as true, including the allegations that the Board of Health has the jurisdiction and authority to maintain Whims Ditch and enforce regulations to ensure that the flow of Whims Ditch is not altered. Plaintiffs further argue that the Board of Health does have jurisdiction and authority to regulate the flow of water in Whims Ditch by virtue of its authority to regulate a nearby construction debris landfill.  Finally, Plaintiffs argue that even if the complaint does allege conduct that falls outside the scope of the Board of Health's authority, this does not necessarily mean that the Board of Health did not engage in the alleged conduct, and cannot be held liable for the flooding.

    **A.**    **Board of Health's Authority to Regulate Whims Ditch**

Plaintiffs' Second Amended Complaint alleges that the Board of Health "has jurisdiction and authority over the flow of surface water into Whims Ditch." (Sec. Am. Compl. at ¶ 22). The Board of Health argues that because it has no such jurisdiction or authority, Plaintiffs' claims against it must be dismissed.  In response, Plaintiffs argue that, for purposes of a motion to dismiss, the Court must accept this allegation as true.

Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  See Gregory, 220 F.3d at 446; Lewis, 135 F.3d at 405-06. One type of allegation which the Court need not accept as true is an allegation that an entity has a specific power or duty. For example, in Blackburn v. Fisk University, the plaintiff's complaint alleged that Fisk University had "the power of eminent domain pursuant to the laws of Tennessee." 443 F.2d 121, 122 (6th Cir. 1971). The Sixth Circuit upheld the district court's dismissal of the

6

complaint for failure to state a claim upon which relief could be granted. Id. In so holding, the Sixth Circuit reiterated that a court is not bound to accept allegations that are clearly unsupported and unsupportable. Id. at 123. According to the Sixth Circuit, the allegation that Fisk University had the power of eminent domain was simply not supported by the public laws of Tennessee. Id.

Likewise, in this case, Plaintiffs' allegations that the Board of Health has "jurisdiction and authority over the flow of surface water into Whims Ditch" and responsibility for the "maintenance and upkeep of Whims Ditch" are unsupported and unsupportable, and therefore need not be accepted as true.

The Franklin County Board of Health is organized, governed by, and operates pursuant to Ohio Revised Code Chapter 3709. The powers of local boards of health are set forth generally as follows:

> The board of health of a general health district may make such orders and regulations as are necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances.

Ohio Revised Code § 3709.21.

The general breadth of this language could be interpreted as requiring a board of health to oversee ditches or the flow of surface waters in order to prevent disease or nuisances. However, the Ohio Supreme Court has held that the powers of local boards of health should not be read so broadly. See generally D.A.B.E. v. Toledo-Lucas County Bd. of Health, 96 Ohio St. 3d 250 (2002). Rather, "*specific* statutory authorization, beyond the general power set forth in R.C. 3709.21, is required before a local board of health can regulate in a certain area." Id. at 257 (emphasis added). The General Assembly provided such specific statutory authorization throughout Revised Code Chapter 3709, and elsewhere, by "explicitly and in great detail

7

identif[ying] specific areas where local boards of health have substantive regulatory power to address public-health issues." Id. at 255. Therefore, in order for the Board of Health to have the duty or power to regulate or maintain ditches or the flow of surface waters, such a duty or power must be specifically provided to boards of health in the Ohio Revised Code.

The Ohio Revised Code does indeed provide for the regulation and maintenance of ditches and water flow, but not by county boards of health. The board of county commissioners of each county is specifically entrusted with the power to regulate ditches and water flow:

> When the board of county commissioners...upon the filing of a petition...finds that the granting of the petition and the construction of an improvement is necessary for disposal or removal of surplus water, for controlled drainage of any land, for irrigation, for storage of water to regulate stream flow or to prevent the overflow of any land in the county, or for water conservation, and further finds that the construction of the improvement will be conducive to the public welfare and that the cost of the proposed improvement will be less than the benefits conferred by its construction, the board of county commissioners may locate, construct, reconstruct, straighten, deepen, widen, alter, box, tile, fill, wall, dam, arch, change the course, location, or terminus of, straighten, deepen, remove obstructions from, or widen any ditch, drain, watercourse, floodway, river, creek, or run, or construct any levee, wall, embankment, jetty, dike, dam, sluice, revetment, reservoir, holding basin, control gate, breakwater, or other structure for control of water, or vacate any ditch or drain....

Ohio Revised Code § 6131.02.  Similarly, county engineers are specifically charged with the duty to maintain ditches and water flow:

> The county engineer shall have general charge and supervision of the repair and maintenance of all county and joint county ditches, drains, watercourses, and other drainage improvements within his county constructed under sections 6131.01 to 6131.64, 6133.01 to 6133.15, 6135.01 to 6135.27, and 6137.051 of the Revised Code.

Ohio Revised Code § 6137.06.  In contrast, the local boards of health are given no such authority

8

to regulate ditches or the flow of surface water.

Plaintiffs nevertheless argue that, in this case, Ohio Revised Code Chapter 3714, which governs inspection and licensing of construction and demolition debris facilities, provides the Franklin County Board of Health with jurisdiction and authority to regulate the flow of water into Whims Ditch. According to the Second Amended Complaint, from 1990 until 2003, a landfill was operated on real property now owned by Defendants 800 Frank Road LLC and Inland Products, Inc. Plaintiffs allege:

> The flow of and drainage to Whims Ditch has been altered by the following conduct, which conduct has taken place on the land formerly owned by defendants Baas, now owned by defendant 800 Frank Road LLC, and Inland Products, Inc. and within the area operated as a landfill by defendant COC:
>
> A. the installation of two 90-degree turns;
> B. the installation of two 8-foot diameter pipes;
> C. the elevation of the floodplains, and
> D. the filling in of ponds on the east of Whims Ditch.

(Sec. Am. Compl. ¶ 29). It is noted, at the outset, that the Second Amended Complaint fails to allege that the Franklin County Board of Health had anything to do with this conduct.

The statute on which Plaintiffs rely states that local boards of health, who have been approved by the director of environmental protection to issue permits for such facilities, shall provide for "the inspection of, licensing of, and enforcement of standards governing construction and demolition debris facilities under this chapter and rules adopted under it." Ohio Revised Code § 3714.05. Although Plaintiffs argue that these enforcement powers include the authority to regulate the flow of water into Whims Ditch, they have cited no support for this argument.

The applicable statute charges the director of environmental protection with adopting, amending, and rescinding standards and rules governing construction and demolition debris

9

facilities. See Ohio Revised Code § 3714.02. The local boards of health on the "approved list" are empowered to enforce the standards and rules adopted by the director of environmental protection, but have no authority to promulgate their own standards or rules. See Ohio Revised Code § 3714.05. Therefore, unless the director has adopted a rule concerning the flow of surface water, Chapter 3714 provides no authority for the Board of Health to regulate the flow of surface water into Whims Ditch.

Ohio Revised Code § 3714.02(B) states that the director of environmental protection shall establish standards for the design and construction of facilities, and may establish requirements for "diking around the areas where debris is buried to prevent runoff of surface water onto adjacent property." However, the director is not required to establish such requirements, and has not in fact done so. See Ohio Administrative Code Ch. 3745-400 (setting out the rules adopted by the director).[1] Because the director has not adopted regulations concerning the flow of surface water from debris facilities, there are no applicable regulations for the Board of Health to enforce. In short, Plaintiffs' allegation that the Board of Health has jurisdiction and authority to regulate the flow of water into Whims Ditch is simply not supported by the applicable law. Therefore, the Court is not required to accept the allegation as true.[2]

---

[1] The only regulation concerning surface water flow requires the owner to "control surface or ground water to minimize the generation of leachate," which the regulations define as "liquid that has come in contact with or been released from construction and demolition debris." See Ohio Administrative Code §§ 3745-400-11(Q), 3745-400-1(V).

[2] Plaintiffs cite to numerous cases in which political subdivisions were held liable for acts or omissions resulting in flooding. See e.g., Masley v. City of Lorain, 48 Ohio St. 2d 334 (1976); Lucas v. Carney, 167 Ohio St. 416 (1958); State ex rel. Livingston Court Apartments v. City of Columbus, 130 Ohio App. 3d 730 (Ohio Ct. App. 1998); Hedrick v. City of Columbus, Case Nos. 92AP-1030, 92AP-1031, 1993 Ohio App. LEXIS 1874 (Ohio Ct. App. 10th D. March 30, 1993); Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419 (1982); Sanguinette v.

### B. Nature of Plaintiffs' Allegations

Plaintiffs' remaining argument can be disposed of rather quickly. They argue that regardless of whether the Board of Health has statutory jurisdiction and authority over Whims Ditch, the claims should not be dismissed because it is possible that the Board of Health acted outside the scope of its authority, and could be held liable on that basis. This argument, however, is completely inconsistent with the complaint. The complaint alleges that Plaintiffs' property was flooded because the Board of Health failed to exercise its jurisdiction and authority, failed to maintain Whims Ditch, and failed to enforce regulations that would ensure that the flow of the ditch was not altered. It does not allege that the Board of Health engaged in any affirmative conduct that caused the flooding.

As noted above, there is no support for the proposition that the Board of Health has jurisdiction or authority over the flow of surface water into Whims Ditch. The Court therefore finds that, as to the Board of Health, Plaintiffs have failed to state a claim upon which relief may be granted.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant Franklin County Board of Health's Motion to Dismiss. (Record at 148).

**IT IS SO ORDERED.**

---

United States, 264 U.S. 146 (1924). Plaintiffs, however, cite to no cases in which a political subdivision was held liable for flooding even though it had no jurisdiction or authority to regulate the flow of water.

11

Date: April 27, 2007                                  **/s/ John D. Holschuh**
                                                                 John D. Holschuh, Judge
                                                                 United States District Court