IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MARSHALL, et al., | : | |
| Plaintiffs, | : | Case No. 2:05-cv-484 |
| v. | : | Judge Holschuh |
| CITY OF COLUMBUS, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs filed suit against numerous private and public defendants, seeking recovery for damages caused when the Whims Ditch overflowed and flooded Plaintiffs' homes. Plaintiffs contend that the flooding occurred because Defendants unreasonably altered the flow of surface water in the ditch. Claims include the taking of property without just compensation, denial of due process rights, and unreasonable interference with the flow of surface water. This matter is currently before the Court on Plaintiffs' motion in limine. (Record at 226).

Plaintiffs ask the Court "for an Order allowing them to introduce evidence of the costs to remediate the mold in their homes caused by the flooding in this case without introducing evidence of any reduction in the fair market value caused by that mold." (Mot. in Limine at 1). Plaintiffs acknowledge that, as a general rule, an individual whose real property has been damaged can recover either the cost of remediation or the difference between the fair market value before and after the damage, whichever is less. See Ohio Collieries Co. v. Cocke, 127 Ohio St. 238, 140 N.E. 356 (Ohio 1923). Application of this rule would require Plaintiffs to present evidence of the difference in fair market value before and after the flooding.

Plaintiffs note, however, that some Ohio courts have more recently taken the position set forth in Comment b to Section 929 of the Restatement (Second) of Torts: "if a building such as a homestead is used for a purpose personal to the owner, the damages ordinarily include an amount for repairs, even though this might be greater than the entire value of the building." Based on these cases, Plaintiffs contend that they do not need to present evidence of the fair market value of their homes before and after the flooding.  Instead, they want to present evidence of the cost of mold remediation and evidence of the current fair market value of their homes. According to Plaintiffs, "[i]t would be up to the jury to make a determination on whether the remediation costs were reasonable or proportionate." (Mot. in Limine at 7).[1]

Each of the remaining defendants filed a response to Plaintiffs' motion in limine.  The private defendants -- Inland Products, Inc., Gary Baas, 800 Frank Road, LLC, and Central Ohio Contractors, Inc. -- argue that Plaintiffs should be required to present evidence of the difference between the fair market value of their property before and after the flooding.  They maintain that this is the proper measure of damages.  The public defendants – Franklin County and the City of Columbus – argue that they are immune from liability on the tort claims that are the subject of the motion in limine.  They further argue that, with respect to the Takings Clause claims brought against them, Plaintiffs are not entitled to recover remediation costs.

The public defendants also raise the question of whether Plaintiffs have made an appropriate use of a motion in limine.  A motion in limine is "a pretrial request that certain inadmissible evidence not be referred to or offered at trial." See Black's Law Dictionary 1013

---

[1] For most of the Plaintiffs, the cost to remediate the mold caused by the flooding exceeds the current fair market value of their homes.

(8th ed. 2004). Typically, the moving party requests the court to prohibit opposing counsel from presenting evidence on matters so highly prejudicial that a curative instruction would be inadequate. Id.

As the public defendants correctly note, Plaintiffs in this case do not seek to prohibit opposing counsel from introducing inadmissible evidence. Instead, Plaintiffs are seeking a ruling on the legal question of whether, under Ohio law, they can recover damages on their tort claim without presenting evidence of the fair market value of their homes before and after the flooding. The Court agrees with Defendants that this is not a proper subject of a motion in limine.

In their reply brief, Plaintiffs argue that if a motion in limine must seek to *exclude* evidence, then Plaintiffs move "to exclude evidence of the diminution in value due to the mold." (Reply at 2). Defendants, however, have not sought to introduce evidence of the decrease in fair market value of Plaintiffs' homes, nor is there any indication they plan to do so. The question is not whether such evidence should be *excluded*, but rather whether it must be *presented* in order for Plaintiffs to succeed on their claim. Despite Plaintiffs' attempts to put a different spin on the issue, the ultimate question concerns the sufficiency of the evidence to be presented rather than its admissibility. In the Court's view, such a determination is not appropriate subject matter for a motion in limine.

This does not necessarily mean that the issue cannot be decided before trial. Federal Rule of Civil Procedure 51 provides that "[a]t the close of the evidence *or at any earlier reasonable time that the Court orders*, a party may file and furnish to every other party written requests for the jury instructions it wants the court to give." Fed. R. Civ. P. 51(a)(1) (emphasis

3

added).  In the Court's view, this Rule provides the appropriate procedural tool for Plaintiffs to accomplish their goal.

Although, for the reasons stated above, the Court **DENIES** Plaintiffs' motion in limine (Record at 226), the Court will entertain a separate request for a special instruction to the jury. Plaintiffs may submit their proposed instruction, along with appropriate authority, at any time. Once Defendants have had the opportunity to voice any objections, the Court will determine whether the proposed instruction is proper.

**IT IS SO ORDERED.**

Date: June 4, 2008 /s/ **John D. Holschuh**
John D. Holschuh, Judge
United States District Court