IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MARSHALL, et al., | : | |
| Plaintiffs, | : | Case No. 2:05-cv-484 |
| v. | : | Judge Holschuh |
| CITY OF COLUMBUS, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

### MEMORANDUM OPINION & ORDER

Plaintiffs allege that Defendants Gary Baas, Inland Products, Central Ohio Contractors, Inc., and 800 Frank Road LLC unreasonably interfered with the flow of surface water in Whims Ditch, causing flooding to Plaintiffs' homes in times of heavy rain.  Plaintiffs seek damages for temporary injury to real property, injury to personal property, and annoyance and discomfort. This matter is currently before the Court on Plaintiffs' request for a special jury instruction concerning the proper measure of damages with respect to Plaintiffs' claims against these defendants.[1]  (Record at 247).

Plaintiffs' proposed jury instruction, filed on June 9, 2008, reads as follows:

#### DAMAGES

If you find for the Plaintiffs and against Defendants Gary Baas Trustee, Inland Products, Central Ohio Contractors, Inc., and 800 Frank Road LLC, you will decide, by the greater weight of the evidence an amount of money that will reasonably compensate Plaintiffs for the injuries directly caused by the unreasonable interference with surface

---

[1] Plaintiffs have also asserted Due Process and Takings Clause claims against the City of Columbus and Franklin County, and have brought a mandamus claim against Franklin County. The proposed instruction is not relevant to those claims.

waters onto Plaintiffs' land by the Defendants herein. In deciding this amount, you will consider Plaintiffs' loss of real property, loss of personal property, if any, and any discomfort and annoyance suffered by Plaintiffs that was directly caused by Plaintiffs' actual injury.

REAL PROPERTY

If you find for the Plaintiffs, you will determine from a preponderance of the evidence the amount of money that will reasonably compensate the Plaintiffs for the actual damage to their homes and land.

The fair market value of real property is the price it would bring if offered for sale in the open market by an owner who desired to sell it, but was under no necessity or compulsion to do so, and when purchased by a buyer who desired to buy it, but was under no necessity or compulsion to do so -- both parties being aware of the important facts concerning the property.

If the damage to Plaintiffs' homes and lands is temporary and can be restored to its original condition then Plaintiffs may recover the reasonable costs of these necessary repairs if Plaintiffs are using the land and house for their home and have personal reasons for fixing the land and house. If, however, Plaintiffs are not using the land and house as their home and the repair costs exceed the difference in the fair market value of the property immediately before and after the damage, then this difference in value is all Plaintiffs may recover.

PERSONAL PROPERTY

If you find for the Plaintiffs, and you find by a preponderance of the evidence that Plaintiffs have had personal property damaged, then the measure of damage is the reasonable value of the property to the owner.

If property for personal use is destroyed, the measure of damage is the reasonable value to the owner. This does not necessarily mean the market value, because property of a strictly personal nature may have a nominal market value if sold as used property, but would have a higher reasonable value to the owner. In arriving at an amount, you may consider the original cost, the cost to replace such property less reasonable depreciation for its condition and use; the uses which the Plaintiffs have for the property; and other facts in the evidence. But the test you will apply is the reasonable value of the article to the owner at the time.

>If an article is not totally destroyed, the measure of damage is the cost of repair to restore it to the condition it was in before it was damaged, provided the repairs do not exceed the reasonable value of the article to the owner. If repairs to the article will not restore its value, or if the cost of repairs exceeds its reasonable value to the owner, the measure of damage is the difference in reasonable value of the article to the owner immediately before and immediately after it was damaged.
>
>ANNOYANCE AND DISCOMFORT
>
>You may, in awarding damages for injury to Plaintiffs, include an amount as is appropriate to compensate Plaintiffs for the discomfort and annoyance to Plaintiffs as occupants of their homes as a result of the unreasonable interference with surface waters onto the land of Plaintiffs.

In an Order dated June 30, 2008, Magistrate Judge King gave Defendants until July 11, 2008 to file objections to Plaintiffs' proposed instructions or to submit instructions of their own. Defendants submitted nothing in response. The Court therefore presumes that Defendants would not object if the Court chooses to adopt Plaintiffs' proposed instruction on damages.

While the Court certainly agrees that, if liability is established with respect to damage to Plaintiffs' real property, Plaintiffs would be entitled to recover "the amount of money that will reasonably compensate the Plaintiffs for the actual damage to their homes and land," the proposed instruction contains language that a jury might well feel needs some clarification.

The proposed instruction states that "Plaintiffs may recover the reasonable costs of [these] necessary repairs if Plaintiffs are using the land and house for their home [sic] and have personal reasons for fixing the land and house." While Plaintiffs are entitled to be fully compensated for their loss, they are not entitled to a windfall. It would be helpful to provide the jury with some guidance concerning what factors may be considered in trying to determine, in each individual case, when a plaintiff's repair costs would be considered "reasonable" and when

3

they would be considered "unreasonable."  Recovery of the reasonable cost of repairs is also contingent upon a plaintiff having "personal reasons for fixing the land and house."  Again, it would appear to be helpful to provide the jury with some guidance concerning what would be a sufficient "personal reason" to warrant recovery of reasonable repair costs.

     I am aware that questions regarding jury instructions normally arise when we are closer to trial, but it would be helpful to have your responses to the above concerns at this time. Accordingly, no later than August 12, 2008, Plaintiffs shall submit a supplemental proposed jury instruction addressing these issues and citing applicable Ohio case law.  Defendants shall have until September 4, 2008 to file objections to Plaintiffs' supplemental instruction or to file their own proposed supplemental instruction on these issues, citing applicable Ohio case law.

**IT IS SO ORDERED.**


Date: July 23, 2008                                **/s/ John D. Holschuh**
                                                             John D. Holschuh, Judge
                                                             United States District Court