IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MARSHALL, et al., | : | |
| Plaintiffs, | : | Case No. 2:05-cv-484 |
| v. | : | Judge Holschuh |
| CITY OF COLUMBUS, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendants' July 30, 2008 joint motion for leave to file proposed jury instructions and objections to Plaintiffs' proposed jury instructions on damages. (Doc. 261.)  On June 30, 2008, Magistrate Judge King issued an Order which stated in relevant part:

> A status conference was held on June 26, 2008.  Counsel for all remaining parties appeared.
>
> Plaintiffs have submitted proposed jury instructions addressing the proper calculation of damages in this case.  Doc. No. 242.  **If any defendant intends to either object to plaintiffs' proposal or to submit its own proposed jury instruction, that party shall do so no later than July 11, 2008.**  Judge Holschuh will promptly resolve the issue.

(June 30, 2008 Order at 1.) (emphasis in original).

On July 23, 2008, the Court issued a Memorandum Opinion & Order noting that no defendant had filed an objection or request for special instructions.  The Court therefore presumed that there were no objections to Plaintiffs' proposed instructions on damages with respect to the claim for unreasonable interference with the flow of surface water.  The Court,

however, asked Plaintiffs to submit a supplemental proposed jury instruction, no later than August 12, 2008, addressing the question of what constitutes a "reasonable" repair cost, and the question of when a plaintiff has "personal reasons for fixing the land and house."  Defendants were given until September 4, 2008 to file objections to the supplemental instruction or to file their own proposed supplemental instruction on these issues.

On July 30, 2008, Dale Cook, counsel for Defendant Central Ohio Contractors, Inc., filed a motion for leave to file jury instructions and objections to Plaintiffs' proposed jury instructions.  This motion was purportedly filed on behalf of all Defendants.  With respect to Defendants' failure to comply with the July 11, 2008 deadline established in Magistrate Judge King's June 30, 2008 Order, Mr. Cook stated, "<u>none</u> of the counsel for Defendants received a copy of [Magistrate Judge King's] order.  Consequently, the Defendants were unaware of the deadline.  The undersigned counsel has checked with counsel for all Defendants to confirm this fact."  (Mot. for Leave at 2) (emphasis in original.)

The undersigned judge, being troubled by the representation that the Court's electronic case filing system had somehow failed, checked with the Court's Systems Department to see if there was any record of that Order having been sent to defense counsel.  According to Court records, Magistrate Judge King's Order was successfully delivered on June 30, 2008 to all remaining defense counsel of record.  The undersigned judge therefore directed defense counsel to individually advise the Court whether they had or had not received a copy of Magistrate Judge King's June 30, 2008 Order.  This prompted Mr. Cook to file a supplement to his previous motion, and in the supplement he stated that, contrary to the implied representation that he had contacted all defense counsel, he had contacted only defense counsel Tim Ristau, Dan Drake and

2

Nick Soulas prior to the filing of his motion.

In response to the Court's inquiry, Mr. Ristau, Mr. Drake, and Mr. Soulas all admitted that they told Mr. Cook that they had not received a copy of the June 30, 2008 Order. However, upon further investigation, they now report that they did, in fact, receive electronic notice of Magistrate Judge King's June 30, 2008 Order. Defense attorneys Paul Khoury, Tracie Boyd, Craig Denmead, and James Wiles also reported that they received the Order.[1] However, most of these attorneys simply read the docket text; they did not open or print a copy of the actual Order. The docket text contained some, but not all, of the important deadlines established in the Order, including the July 11, 2008 deadline for responding to Plaintiffs' proposed jury instructions. It is clear, however, that the text referred to an Order of this Court, and frankly, the undersigned judge is, to say the least, surprised that counsel would not see the need to print out a court order, if for no other reason, to make it a part of the attorney's case file.

Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders may be modified "only for good cause and with the judge's consent." Quite honestly, it is difficult for the Court to find "good cause" for extending the July 11, 2008 deadline for filing proposed jury instructions and objections to Plaintiffs' proposed jury instructions. There is simply no excuse for attorneys to fail to open, read, and print a copy of a Court Order. As evidenced here, relying solely on the docket text is certainly not prudent.

Nevertheless, in the interest of justice, the Court is going to permit Defendants to file objections to Plaintiffs' proposed jury instructions and to submit proposed instructions of their

---

[1] Mr. Cook is the only attorney who continues to maintain that he did not receive a copy of the Order. James Wiles, who works at Mr. Cook's law firm did receive a copy of the Order.

own. As Mr. Cook points out in his motion, Defendants' previously vigorously objected when Plaintiffs first presented the issue of the appropriate measure of damages through a motion in limine. Moreover, because Ohio law with respect to this issue is not clearly established, the Court would like the benefit of Defendants' point of view. In addition, it does not appear that Plaintiffs will be unduly prejudiced by allowing Defendants to submit objections and proposed instructions of their own. Understandably, Plaintiffs would like the issue resolved to aid in settlement negotiations. However, because the Court has not yet set a trial date, there is no great urgency. Normally, jury instructions are not addressed until much closer to trial.

For the reasons stated above, the Court **GRANTS** Defendants' motion for leave to file their own proposed jury instructions and objections to Plaintiffs' proposed jury instructions. (Doc. 261.) However, it is important to note the narrow scope of the issue presently before the Court. Plaintiffs have sought guidance only on the appropriate measure of damages on their claim of unreasonable interference with surface water by Defendants Gary Baas, 800 Frank Road, LLC, Inland Products, Inc. and Central Ohio Contractors, Inc., as set forth in Count 3 of the Second Amended Complaint.[2] Plaintiffs have not submitted proposed jury instructions on the appropriate measure of damages with respect to the Due Process and Takings Clause claims asserted against the governmental defendants, and the Court sees no need to address that issue at this juncture.

Therefore the remaining private defendants – Gary Baas, 800 Frank Road, LLC, Inland Products, Inc. and Central Ohio Contractors, Inc. -- shall have until September 4, 2008 to submit

---

[2] Counts 4 and 5 of the Second Amended Complaint also assert claims of unreasonable use of surface water and unreasonable interference with the flow of surface water, but the claims against the defendants named in those Counts are no longer pending.

proposed jury instructions on the issue of appropriate damages on the claim of unreasonable interference with the flow of surface water and objections to Plaintiffs' proposed jury instructions on this claim.  Plaintiffs shall have until September 30, 2008 to reply.

In the meantime, the Court notes that Plaintiffs have failed to comply with the July 23, 2008 Order directing them to file, no later than August 12, 2008, supplemental proposed jury instructions on "reasonable" repair costs and "personal reasons for fixing the land and house." Presumably, Plaintiffs were waiting for the Court to rule on Defendants' pending motion for leave to file their own proposed instructions and objections to Plaintiffs' proposed instructions.

Plaintiffs shall file the requested supplemental proposed jury instructions no later than September 4, 2008.  Defendants shall have until September 30, 2008 to respond to the supplemental proposed instruction.

**IT IS SO ORDERED.**


Date: August 18, 2008                                  **/s/ John D. Holschuh**
                                                      John D. Holschuh, Judge
                                                      United States District Court

5